UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

**RECEIVED**

2006 MAR -2  P 4: 03

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

3: 06CV 206-DRB

| | |
|---|---|
| SUPER 8 MOTELS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JALA INVESTMENTS, INC., | ) |
| HIMAT, INC., CHANDRAKANT | ) |
| PATEL, and DHIRAJLAL PATEL | ) |
| | ) |
| Defendants. | ) |

## VERIFIED COMPLAINT

Plaintiff Super 8 Motels, Inc. ("SMI"), states the following complaint against Defendants

JALA Investments, Inc. ("JALA"), Himat, Inc. ("Himat"), Chandrakant Patel ("C. Patel") and

Dhirajlal Patel ("D. Patel"):

## PARTIES, JURISDICTION AND VENUE

1.     SMI is a corporation organized and existing under the laws of the State of

South Dakota with its principal place of business in Parsippany, New Jersey.

2.     Defendant JALA, on information and belief, is a corporation organized

and existing under the laws of the State of Alabama with its principal place of business at 2314

South Broad Avenue, Lanett, Alabama 36863.

3.     Defendant Himat, on information and belief, is a corporation organized

and existing under the laws of the State of Georgia with its principal place of business at 3530

North Henry Boulevard, Stockbridge, Georgia 30281.

4.    Defendant C. Patel, on information and belief, is an individual located at 3530 North Henry Boulevard, Stockbridge, Georgia 30281.

5.    Defendant D. Patel is, on information and belief, is an individual located at 3530 North Henry Boulevard, Stockbridge, Georgia 30281.

6.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367.

7.    Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claim occurred in this district.

## ALLEGATIONS COMMON TO ALL COUNTS

The SMI Marks

8.    SMI is widely known in the United States as a provider of guest lodging facility services.

9.    SMI has the exclusive right to sublicense the use of various trade names and service marks (which are on the principal register of the United States Patent and Trademark Office), logos, and derivations thereof (the "SMI Marks"), as well as the distinctive Super 8® System, which provides hotel services to the public under the SMI name and certain services to its licensees, including a centralized reservation system, advertising, publicity, and training services.

10.    SMI or its predecessors have continuously used each of the SMI Marks since the date of their registration and these marks are in full force and effect pursuant to 15 U.S.C. § 1065.

11.     SMI has given notice to the public of the registration of the SMI Marks as provided in 15 U.S.C. § 1111.

12.     SMI uses or has used the words "Super 8," among others, and the SMI Marks as abbreviations of its brand name.

13.     Through its franchise system, SMI markets, promotes, and provides services to its guest lodging franchisees throughout the United States.  In order to identify the origin of their guest lodging services, SMI allows its franchisees to utilize the SMI Marks and to promote the SMI brand name.

14.     SMI has invested substantial effort over a long period of time, including the expenditure of millions of dollars, to develop goodwill in its trade names and service marks to cause consumers throughout the United States to recognize the SMI Marks as distinctly designating SMI guest lodging services as originating with SMI.

15.     The value of the goodwill developed in the SMI Marks does not admit of precise monetary calculation, but because SMI is widely known in the United States as a provider of guest lodging facility services, the value of SMI's goodwill exceeds hundreds of millions of dollars.

<u>The Franchise Agreement</u>

16.     On or about July 12, 2000, SMI entered into a franchise agreement (the "Franchise Agreement") with Himat for the operation of a guest lodging facility, Unit Number 1999, located at 2314 South Broad Avenue, Lanett, Alabama 36863, (the "Facility").  A true copy of the Franchise Agreement is attached hereto as Exhibit A.

17.    As a part of the Franchise Agreement, defendants C. Patel and D. Patel executed a Guaranty pursuant to which they jointly and severally agreed to be bound by the terms and conditions of the Franchise Agreement.  Pursuant to the terms of the Guaranty, C. Patel and D. Patel unconditionally guaranteed payment of all sums and performance of all obligations under the Franchise Agreement.  A true and correct copy of the Guaranty is attached to the Franchise Agreement, which is attached hereto as Exhibit A.

18.    Section 3.9 of the Franchise Agreement required an accounting in the form of monthly reports regarding the Facility's performance during the preceding month.  In addition, this section required that Himat prepare and maintain any reports under the System Standards Manual in the Facility's property management or reservation computer system, including the name and address of Facility guests, if collected.  Himat was also obligated under this section to maintain accounting books and records.

19.    Pursuant to Section 5 of the Franchise Agreement, Himat was obligated to operate a SMI guest lodging facility for a 20-year term, during which time Himat was permitted to use the SMI Marks in association with the operation and use of the Facility as part of SMI's franchise system.

20.    Under Section 7 and Schedule C of the Franchise Agreement, Himat was obligated to pay certain Recurring Fees, such as:  (1) a Royalty Fee; (2) a System Assessment Fee; (3) Taxes; (4) Interest; and (5) upon transfer, the transferee is obligated to pay a Relicense Fee.

21.    Pursuant to Section 9 of the Franchise Agreement, Himat could not transfer the Facility, nor engage in any delegation, assignment, conveyance, or pledge of its

interest, except with SMI's prior written consent.    Any attempted transfer, delegation, assignment, conveyance, or pledge not in accordance with Section 9 of the Franchise Agreement would be void as between SMI and Himat and constitute a violation of Section 9.

22.    Section 11.2 of the Franchise Agreement provided, *inter alia*, that any violation of Section 9 would terminate the Franchise Agreement.

23.    Section 12 of the Franchise Agreement provided that Himat must pay to SMI liquidated damages, calculated by a specified formula, in the event the Franchise Agreement terminated pursuant to Section 11.2 because of Himat's breach.

24.    Section 13 of the Franchise Agreement specified Himat's obligations in the event the Franchise Agreement terminated.    Chief among these was that Himat must immediately cease all use of the SMI System, including all uses of the SMI Marks.

The Default and Termination

25.    On or about February 25, 2004, through a foreclosure proceeding, Himat transferred ownership of the Facility, without SMI's prior consent and then through a series of transactions following the foreclosure, ownership was ultimately transferred by Special Warranty Deed to JALA on May 4, 2004.

26.    This transfer of ownership was in violation of Section 9 and terminated the Franchise Agreement.

27.    The termination of the Franchise Agreement precludes any further use of the SMI Marks in or around the Facility.

28.    The termination of the Franchise Agreement precludes any further use of the SMI Marks to induce the traveling public to use the Facility in any way.

29.    Despite not having a Franchise Agreement with SMI, JALA has used the SMI Marks to induce the traveling public to rent guest rooms at the Facility even though it does not now have a Franchise Agreement with SMI through, among other things, failure to remove SMI signage.  True copies of the Post-Termination Inspection Reports documenting the post-termination use of the SMI Marks are attached hereto as Exhibit B.

30.    JALA has continued to misuse the SMI Marks despite receiving notification from SMI to cease and desist from the misuse of the SMI Marks.  True copies of the cease and desist letters are attached hereto as Exhibit C.

## FIRST COUNT
### (against JALA)

31.    SMI repeats and makes a part hereof each and every allegation set forth in paragraphs 1 through 30 of the Verified Complaint.

32.    Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), provides in pertinent part that "[a]ny person who shall, without the consent of the registrant — use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a civil action by the registrant."

33.    JALA marketed, promoted, and rented, and continues to market, promote, and rent rooms at the Facility through the unauthorized use of the SMI Marks, and such use

caused and is likely to continue to cause confusion or mistake among prospective or actual customers, in violation of Section 32 of the Lanham Act.

34.    Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), provides in pertinent part that "[a]ny person who, on or in connection with any goods or services . . . uses in commerce any word, term, name, symbol . . . or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to affiliation . . . or as to the origin, sponsorship, or approval of . . . goods [or] services . . . shall be liable in a civil action."

35.    The acts of JALA in marketing, promoting, and renting rooms at the Facility, through and with the SMI Marks, constitute:

> (a)    a false designation of origin;
>
> (b)    a false and misleading description of fact; and
>
> (c)    a false and misleading representation of fact;

that caused and are likely to continue to cause confusion, or to cause mistake, or deception, as to the affiliation of the Facility with SMI, and to cause confusion, or to cause mistake, or deception, to the effect that SMI sponsors or approves of the guest lodging services that Himat and JALA provide at the Facility, all in violation of Section 43(a) of the Lanham Act.

36.    Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), provides in pertinent part that "[t]he owner of a famous mark shall be entitled, subject to the principles of equity and upon such terms as the court deems reasonable, to an injunction against another person's commercial use in commerce of a mark or trade name, if such use begins after the mark

has become famous and causes dilution of the distinctive quality of the mark, and to obtain such other relief as is provided in this subsection."

37.    JALA's use of the SMI Marks in connection with goods and services at the Facility, after the SMI Marks became famous, caused and will continue to cause dilution and disparagement of the distinctive quality of the SMI Marks, and lessened and will continue to lessen the capacity of the SMI Marks to identify and distinguish the goods and services of SMI, all in violation of Section 43(c) of the Lanham Act.

38.    JALA's on-going acts of infringement in violation of Sections 32, 43(a), and 43(c) of the Lanham Act are malicious, fraudulent, willful, and deliberate.

39.    JALA's on-going acts of infringement in violation of Sections 32, 43(a), and 43(c) of the Lanham Act have inflicted and continue to inflict irreparable harm on SMI.

40.    SMI has no adequate remedy at law.

41.    No previous injunctive relief has been awarded with respect to this matter in this case or any other case.

WHEREFORE, pursuant to 15 U.S.C. §§ 1114, and 1125(a) & (c), SMI demands judgment against JALA:

(a)    Preliminarily and permanently restraining and enjoining JALA, their affiliates, subsidiaries, officers, agents, servants, employees and attorneys, and all those who act in concert or participation with them, from marketing, promoting, or selling guest lodging services at the Facility through and with the SMI Marks; and

(b)    Granting compensatory damages, treble damages, attorneys' fees, prejudgment interest, costs of suit, and such other and further relief as this Court shall deem just and proper.

## SECOND COUNT
### (against JALA)

42.    SMI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 41 of the Verified Complaint.

43.    JALA engaged in acts and practices, as described, which amount to infringement of the SMI Marks in an unlawful, unfair, and fraudulent manner which is likely to confuse the public.

44.    As a result JALA owes restitution and the disgorgement of profits, in an amount unknown to SMI, and which amount cannot be ascertained without an accounting of the receipts and disbursements, profits and loss statements, and other financial materials, statements and books from JALA.

45.    The calculation of the monetary amounts sought by SMI in this action cannot be ascertained without an accounting of the receipts and disbursements, profits and loss statements, and other financial materials, statements and books from JALA.

WHEREFORE, SMI demands judgment ordering that JALA account to SMI for any and all revenue derived as a result of marketing, promoting, or selling guest lodging services at the Facility through and with the SMI Marks.

## THIRD COUNT
### (against JALA)

46.     SMI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 45 of the Verified Complaint.

47.     In addition, JALA benefited from its wrongful use of the SMI Marks and has not paid royalty or other Recurring Fees to SMI in return for that benefit.

48.     JALA's failure to compensate Super 8 constitutes unjust enrichment and has damaged SMI.

WHEREFORE, SMI demands judgment against JALA for:

(a)     the Recurring Fees that should be paid to compensate SMI for the period during which JALA misused the SMI Marks and were thereby unjustly enriched, together with interest and costs of suit.

(b)     all profits, royalties, and other Recurring Fees that should be paid to compensate SMI for the period during which JALA misused the SMI Marks and were thereby unjustly enriched, together with interest and costs of suit.

## FOURTH COUNT
### (against Himat)

49.     SMI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 48 of the Verified Complaint.

50.     As a result of the termination of the Franchise Agreement, Himat is obligated to pay SMI liquidated damages calculated pursuant to Section 12 of the Franchise

Agreement in an amount equal to the sum of accrued Royalties and System Assessment Fees during the immediately preceding 36 full calendar months preceding termination (or the number of months remaining in the unexpired Term (the "Ending Period") at the date of termination, whichever is less) or $2,000.00 per room, whichever amount is greater.

51.    Pursuant to Section 12 of the Franchise Agreement, Himat owes $80,000.00 in liquidated damages.

52.    Himat has failed to pay SMI liquidated damages as required in Section 12 of the Franchise Agreement.

WHEREFORE, SMI demands judgment against Himat for liquidated damages in the amount of $80,000.00, together with interest, attorneys' fees and costs.  In the event that the Court finds that liquidated damages are not recoverable for any reason, then SMI demands judgment against Himat for the actual damages caused by the termination of the Franchise Agreement, together with interest, attorneys' fees and costs.

## FIFTH COUNT
### (against Himat)

53.    SMI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 52 of the Verified Complaint.

54.    Pursuant to Section 7, and Schedule C of the Franchise Agreement, Himat was obligated to remit Recurring Fees to SMI.

55.    Despite its obligation to do so, Himat failed to remit certain of the Recurring Fees due and owing under the Franchise Agreement in the current amount of $5,239.66.

56.    Himat's failure to remit the agreed Recurring Fees constitutes a breach of the Franchise Agreement and has damaged SMI.

WHEREFORE, SMI demands judgment against Himat for the Recurring Fees due and owing under the Franchise Agreement, together with interest, attorneys' fees and costs.

## SIXTH COUNT
### (against C. Patel and D. Patel)

57.    SMI repeats and makes a part hereof each and every allegation contained in paragraphs 1 through 56 of the Verified Complaint.

58.    Pursuant to the terms of the Guaranty, C. Patel and D. Patel agreed, among other things, that upon default under the Franchise Agreement, they would immediately make each payment and perform each obligation required of the Franchisee under the Franchise Agreement.

59.    Pursuant to the Guaranty, C. Patel and D. Patel are liable to SMI for all franchise service fees, profits and other fees that, but for termination of the Franchise Agreement, would have been due and payable to SMI, together with interest, attorneys' fees and costs.

60.    Despite this obligation, C. Patel and D. Patel have failed to make any payments or perform or cause Himat to perform each obligation required under the Franchise Agreement.

61.    Pursuant to the Guaranty, C. Patel and D. Patel are jointly and severally liable for all profits or royalties and other Recurring Fees owed by Himat, as well as liquidated damages in the amount of $80,000.

WHEREFORE, SMI demands judgment against C. Patel and D. Patel in the following amounts:

(a)    all profits or royalties and other Recurring Fees that should have been and should be pad to SMI, together with interest, attorneys' fees and costs; and

(b)    all liquidated damages due and owing under the Franchise Agreement, together with interest, attorneys' fees and costs, or, in the event that the Court finds that liquidated damages are not recoverable for any reason, the SMI demands judgment against C. Patel and D. Patel for the actual damages caused by the termination of the Franchise Agreement, together with interest, attorneys' fees and costs.

Respectfully submitted this 2ND day of March, 2006.

Robin G. Laurie, One of the
Attorneys for Plaintiff
Super 8 Motels, Inc.

OF COUNSEL:
Robin G. Laurie (LAU006)
Kelly F. Pate (FIT014)
Balch & Bingham LLP

164097.1    13

P. O. Box 78
Montgomery, Alabama 36101
(334) 834-6500
(334) 269-3115 fax

# VERIFICATION

STATE OF NEW JERSEY )
COUNTY OF MORRIS )

_____Kathy Cox_____, of full age, being duly sworn according to law, upon his oath, deposes and says:

1)    I am Senior Director, Franchise Administration, of Super 8 Motels, Inc., which is plaintiff in this action.

2)    I have read the foregoing Complaint and all the allegations contained therein. Except as to allegations alleged upon information and belief, which allegations I believe to be true, all the allegations in the Complaint are true based on my personal knowledge, the records of SMI or information available through employees of SMI.

_____
Kathy Cox

Sworn and subscribed to before
me this ___15th___ day of February, 2006

[SEAL]

_____
NOTARY PUBLIC

My Commission Expires: __Feb. 2009__

**Linda M. Rubiano**
**Notary Public**
**State of New Jersey**
My Commission expires _02/2009_

164097.1    15

**TO BE SERVED BY THE CLERK VIA CERTIFIED MAIL UPON:**

Manish D. Desai
JALA Investments, Inc.
2314 South Broad Avenue
Lanett, Alabama 36863

Jayram Patel
Himat, Inc.
2314 South Broad Avenue
Lanett, Alabama 36863

Chandrakant Patel
3530 North Henry Boulevard
Stockbridge, Georgia 30281

Dhirajlal Patel
3530 North Henry Boulevard
Stockbridge, Georgia 30281


Of Counsel

164097.1    16