# EXHIBIT C

Case 3:06-cv-00206-MHT-TFM    Document 1-4    Filed 03/02/2006    Page 1 of 7



SUPER 8 MOTELS, INC.

July 5, 2005

**<u>VIA UPS OVERNIGHT</u>**

Dhiraj Patel
2314 S. Broad Avenue
Lanett, AL 36863

      Re:    **Demand to Cease and Desist Infringement of
Super 8® Trade Name and Service Marks
Facility Located at 2314 South Broad Ave., Lanett, AL 36863
("Facility") Site No. 1999**

Dear Mr. Patel:

      I serve as in-house counsel for Super 8 Motels, Inc. ("SMI"). It has been brought to our attention that you are operating the above referenced Facility as a Super 8 guest lodging facility. As you are no doubt aware, the Facility **does not** have a Franchise Agreement with SMI. Therefore, your unauthorized use of the Super 8 trade name, trademarks and service marks ("Super 8 Marks") in this manner constitutes infringement of SMI's service mark rights, and is causing confusion among the public as to the affiliation of the Facility with the Super 8 System. This infringement is also damaging contractual relations between SMI and its legitimate franchisees.

      Accordingly, SMI demands that you immediately cease operating the Facility as a Super 8 system unit and distinguish it in <u>all</u> respects from its former appearance as a Super 8 guest lodging facility. Specifically, SMI demands that you immediately discontinue all use of trade names, service marks, domain names, e-mail addresses, signs, and forms of advertising and other items that indicate that the facility is operating as a Super 8 system unit. You must also return to SMI all documents, instructions, operating manuals, guest comment cards, stationary, match books, do not disturb signs, ashtrays and other items which bear the Super 8 name and registered logo. All billboard signs, interior signs, exterior signs (whether located on or off the premises), entrance signs, and listings in telephone directories, the internet, travel guides, hotel industries, or similar guides in which the facility is identified as a Super 8 guest lodging facility must be removed. We will be sending a representative to the Facility shortly to ensure that you are in compliance with our requirements.

Mr. Patel
July 5, 2005
Page Two

      SMI trusts that you appreciate the seriousness of this matter. However, if you fail to de-identify the Facility from its appearance as a Super 8 guest lodging facility, SMI will be forced to initiate litigation to compel you to cease advertising using the Super 8 Marks, trade name and service marks, and to recover appropriate damages under the Lanham Act and other applicable laws, which may include the recovery of treble damages and attorneys' fees.

                                              Very truly yours,

                                              Marc D. Merriweather
                                              Counsel

MDM/rg
186634


cc:    Hotel Owner
       Interstate 85, Exit 79
       Lanett, AL 36863



# SUPER 8 MOTELS, INC.

December 16, 2004

**VIA DHL EXPRESS**
Hotel Owner
2314 South Broad Avenue
(I-85 Exit 79)
Lanett, AL 36863

Re:   **Demand to Cease and Desist Infringement of
Super 8® Trade Name and Service Marks
Facility Located at 2314 South Broad Avenue, Lanett, AL
(the "Facility") Site No. 1999**

Dear Sir or Madame:

Pursuant to our letter dated September 22, 2004 you were asked to de-identify your property as a Super 8 Motel. As you are no doubt aware, at the present time the Facility *does not* have an executed Franchise Agreement with Super 8 Motels, Inc. ("SMI"). We have been advised that you have failed to fully de-identify the Facility from its former appearance as a Super 8 guest lodging facility. Therefore, your unauthorized use of the Super 8 trade name, trademarks and service marks ("Marks") in this manner constitutes infringement of SMI's service mark rights, and is causing confusion among the public as to the affiliation of the Facility with the Super 8 System.

Therefore, SMI demands that you immediately cease operating the Facility as a Super 8 system unit and distinguish it in <u>all</u> respects from its former appearance as a Super 8 guest lodging facility. Specifically, SMI demands that you immediately discontinue all use of trade names, service marks, domain names, e-mail addresses, signs, forms of advertising and other items that indicate that the Facility is operating as a Super 8 system unit. You must also return to SMI all documents, instructions, operating manuals, guest comment cards, stationary, match books, do not disturb signs, ashtrays and other items which bear the Super 8 name and registered logo. All billboard signs, interior signs, exterior signs (whether located on or off the premises), entrance signs, and listings in telephone directories, the internet, travel guides, hotel industries, or similar guides in which the Facility is identified as a Super 8 guest lodging facility must be removed. We will be sending a representative to the Facility shortly to ensure that you are in compliance with our requirements.

Owner

1 Sylvan Way • Parsippany, New Jersey 07054 • 973-428-9700 • FAX 973-496-5915

December 16, 2004
Page Two


SMI trusts that you appreciate the seriousness of this matter and that you will comply with these demands. . However, if you fail to de-identify the Facility from its appearance as a Super 8 guest lodging facility, SMI will be forced to initiate litigation to compel you to cease advertising using the Super 8 Marks, trade name and service marks, and to recover appropriate damages under the Lanham Act and other applicable laws, which may include the recovery of treble damages and attorneys' fees.

Very truly yours,

Marc D. Merriweather
Counsel

MDM:lmr
174387



# SUPER 8 MOTELS, INC.

September 22, 2004

**<u>VIA DHL EXPRESS</u>**

Owner
I-85 Exit 79
Lanett, AL 36863

    Re: Demand to Cease and Desist Infringement of
       Super 8® Trade Name and Service Marks
       Facility Located at I-85 Exit 79, Lanett, AL
       (the "Facility") Site No. 1999

Dear Sir or Madame:

   I serve as in-house counsel for Super 8 Motels, Inc. ("SMI"). It has been brought to our attention that you have not removed the Super 8 guest lodging signage from your property. As you are no doubt aware, the Facility *does not* have a Franchise Agreement with SMI. Therefore, your unauthorized use of the Super 8 trade name, trademarks and service marks ("Marks") in this manner constitutes infringement of SMI's service mark rights, and is causing confusion among the public as to the affiliation of the Facility with the Super 8 Motels System. This infringement is also damaging contractual relations between SMI and its legitimate franchisees.

   Accordingly, SMI demands that you immediately cease operating the Facility as a Super 8 system unit and distinguish it in all respects from its former appearance as a Super 8 guest lodging facility. Specifically, SMI demands that you immediately discontinue all use of trade names, service marks, domain names, e-mail addresses, signs, forms of advertising and other items that indicate that the Facility is operating as a Super 8 system unit. You must also return to SMI all documents, instructions, operating manuals, guest comment cards, stationary, match books, do not disturb signs, ashtrays and other items which bear the Super 8 name and registered logo. All billboard signs, interior signs, exterior signs (whether located on or off the premises), entrance signs, and listings in telephone directories, the internet, travel guides, hotel industries, or similar guides in which the Facility is identified as a Super 8 guest lodging facility must be removed. We will be sending a representative to the Facility shortly to ensure that you are in compliance with our requirements.

Owner
September 22, 2004
Page Two


SMI trusts that you appreciate the seriousness of this matter and that you will comply with these demands. . However, if you fail to de-identify the Facility from its appearance as a Super 8 guest lodging facility, SMI will be forced to initiate litigation to compel you to cease advertising using the Super 8 Marks, trade name and service marks, and to recover appropriate damages under the Lanham Act and other applicable laws, which may include the recovery of treble damages and attorneys' fees.

Very truly yours,

Korin A. Baum
Counsel

KAB:lmr
169503