7/25/03

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

DENISE OWENS, Administrator of the  *
Estate of STEVE OWENS, Deceased,     *
                                     *
       Plaintiff,                    *
                                     *
v.                                   *   CIVIL ACTION NO. 2003-2004-PR
                                     *
M&R CONSTRUCTION, LLC;               *   TRIAL BY JURY DEMANDED
ROYCE BAKER; and Fictitious Parties  *
A, B, C & D,                         *
                                     *
       Defendants.                   *

## COMPLAINT

1. The Plaintiff, Denise Owens, is the Administrator of the Estate of Steve Owens, deceased. Denise Owens is the widow of Steve Owens. Denise Owens has been appointed Administrator of her late husband's estate by the Probate Court of Lowndes County, Alabama. Denise Owens is over the age of 19 years and is a resident/citizen of Lowndes County. Steve Owens, at the time of his death, was also a resident/citizen of Lowndes County.

2. The Defendant, M&R Construction, LLC, is a domestic corporation with its principal business in Montgomery County, Alabama.

3. The Defendant, Royce Baker, is over the age of 19 years and is a resident/citizen of Montgomery County, Alabama.

4. Fictitious Parties A, B, C & D are those persons or entities who were responsible for keeping and maintaining the premises at issue in this cause in a reasonable safe manner, or who were responsible for providing Steve Owens with a safe workplace, or who had control and authority over the manner in which the premises were maintained or the work performed by Steve Owens.

1


EXHIBIT A

## Facts

5. On May 16, 2003, Steve Owens, the decedent, was working on a project installing sewage and drain lines in a development in Millbrook, Elmore County, Alabama.

6. It was his job to take pieces of the pipe and connect the pieces of pipe as they were lowered down into a pit in which he was working. The pit was 12 feet or more in depth and the soil was of a type and quality that easily shifted and moved.

7. After a piece of pipe had been lowered, the soil shifted and covered Steve Owens.

8. The force from the collapsed soil crushed him and suffocated him. Despite efforts to resuscitate him, Steve Owens died.

9. Steve Owens was working under the direction and control of the Defendants.

## Count I

## Wrongful Death

10. The Plaintiff incorporates and adopts paragraphs 1 through 9 above as if set forth fully herein.

11. The Defendants had a duty to provide Steve Owens with a safe workplace. That duty included taking special precautions to slope the banks of the pit, taking into consideration the type of soil and the depth of the pit. Furthermore, the Defendants had a specific duty to provide appropriate supports and other safety devices to ensure that the pit, if it did collapse, did not collapse in on Steve Owens.

12. The Defendants breached that duty by failing to provide the proper slope and by failing to provide the appropriate protection to ensure that the soil did not collapse on Steve Owens.

13. As the direct and proximate result of the Defendants' failure to provide a safe workplace, the pit did collapse in on Steve Owens, causing his death.

14. The relationship of the Defendants and Steve Owens was that of master-servant.

15. In the alternative, the relationship of the Defendants and Steve Owens was that of independent contractor. The Defendants retained all control and actually did control all aspects of the manner in which Steve Owens performed his job.

WHEREFORE, the Plaintiff, Denise Owens, Administrator of the Estate of Steve Owens, demands a verdict by jury against the Defendants in the form of punitive damages, together with the costs of these proceedings. The amount in controversy exceeds the minimum jurisdictional requirements of this Court.

SUBMITTED this the 18th day of July, 2003.

BENJAMIN L. LOCKLAR (LOC009)
*Attorney for Plaintiff*

**OF COUNSEL:**
RICHARD JORDAN, RANDY MYERS
and BEN LOCKLAR, P.C.
302 Alabama St.
Montgomery, AL 36104
(334) 265-4561

Randy Meyers
334 269-5010

3

*[signature]*
RICHARD B. McCLELLAND (MCC135)
*Attorney for Plaintiff*

OF COUNSEL:
Dickey & McClelland, LLC
25 South Court Street, Suite 100
Montgomery, AL 36104
(334) 262-0728

Plaintiff respectfully demands trial by struck jury.

*[signature]*
BENJAMIN L. LOCKLAR

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

DENISE OWENS, as Administrator of §
the Estate Steve Owens, deceased, §
§
*Plaintiff,* §
§
v. §
§
§ CASE NO.: CV-03-2004-PR
M & R CONSTRUCTION, L.L.C.; §
ROYCE BAKER, et al., §
§
§
*Defendants.* §

## PLAINTIFF'S FIRST AMENDED COMPLAINT

COME NOW the plaintiff, by and through undersigned counsel, and hereby amends her original Complaint filed in the above-styled cause to substitute Liberty Design and Construction Company, Inc. as Fictitious Defendant "A," and to further revise the body of the Complaint throughout as directly relates thereto, so as to make the body and style read as follows:

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

DENISE OWENS, as Administrator of §
the Estate Steve Owens, deceased, §
§
*Plaintiff,* §
§
v. §
§
§ CASE NO.: CV-03-2004-PR
M & R CONSTRUCTION, L.L.C.; §
ROYCE BAKER; LIBERTY DESIGN §

Case 3:06-cv-00206-MHT-TFM   Document 16-2   Filed 05/02/2006   Page 6 of 14

HARLEYSVILLE INS        Fax:8003799358         Apr 14 2006 11:09        P. 12
Feb. 17. 2005  4:09PM    HINES, RIDOLPHI, CARPER, & AMAN        No. 9528   P. 5/13

| | |
|---|---|
| AND CONSTRUCTION COMPANY, INC.; FICTITIOUS DEFENDANT "A," whether singular or plural, that person or other entity, that was the employer and/or principal and/or master | § § § § |

*Defendants.*

Respectfully submitted this the 25th day of January, 2005.

_____
EDWARD P. KENDALL (KEN028)
Attorneys for the Plaintiff

**OF COUNSEL:**
STRICKLAND, CHANCELLOR & KENDALL, L.L.C.
420 South Lawrence Street
P.O. Box 99
Montgomery, AL 36101-0099
334-269-3230
334-269-3239 fax

-2-

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following counsel of record by facsimile and placing a copy of same in the U.S. mail, properly addressed and first class postage pre-paid, on this the 25th of January, 2005:

Robert L. Turner, Esq.
P.O. Box 3241
Montgomery, AL 36109-3241

OF COUNSEL

-3-

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| DENISE OWENS, as Administrator of the Estate Steve Owens, deceased, <br><br> *Plaintiff*, <br><br> v. <br><br> M & R CONSTRUCTION, L.L.C.; ROYCE BAKER; LIBERTY DESIGN & CONSTRUCTION COMPANY, INC.; FICTITIOUS DEFENDANT "A," whether singular or plural, that person or other entity, that was the employer and/or principal and/or master; <br><br> *Defendants*. | CASE NO.: CV-03-2004-PR |

## THIRD AMENDED COMPLAINT

COMES NOW the Plaintiff, in the above referenced matter, by and through undersigned counsel and files this Third Amended Complaint for purposes of adding a claim for wrongful death on the basis set out below and as such to further revise the body of the Complaint throughout as it directly relates to the addition of allegations and causes of action thereto, so as to make the body and style read as follows:

### COUNT III

1. Plaintiff realleges all prior paragraphs as if fully set out herein.

2. At all times material hereto, Defendants M&R Construction and Liberty Design & Construction Company were involved in a joint venture.

3. At all times material hereto, Defendants acted in concert in performing construction work at the Ridgeview subdivision for the developer thereof.

4. During the performance of construction work for the Ridgeview subdivision, Defendant M&R Construction was assisted, promoted and facilitated by Liberty & Design Construction Company in the following ways:

   a. Liberty Design & Construction Company allowed M&R Construction to use its credit with suppliers to purchase equipment and supplies;

   b. Liberty Design & Construction Company allowed M&R Construction to purchase equipment and supplies on its (Liberty's) accounts with supply houses;

   c. Liberty Design & Construction Company paid directly to suppliers on behalf of M&R Construction for purchases of equipment and supplies;

   d. Liberty Design & Construction Company charged M&R Construction a ten percent (10%) fee for the use of Liberty's accounts in the Ridgeview project;

   e. Liberty Design & Construction also advanced operating costs to Royce Baker and/or M&R Construction;

   f. Liberty Design & Construction Company also allowed certain employees of M&R Construction to be named as employees of Liberty so as to gain workman's compensation coverage for said employees; and

   g. Liberty Design & Construction Company specifically and tacitly ratified all conduct of M&R Construction complained of in the complaint.

5. Steve Owens was killed as a direct and proximate result of the negligent and/or wanton and/or willful conduct of the Defendants as set out hereinabove.

WHEREFORE, the Estate of Steve Owens claims of the Defendants such amount as a jury may award as compensatory damages, punitive damages and the costs of this action.

RESPECTFULLY submitted this the _9_ day of September 2005.

                                                    /s/ BLAINE C. STEVENS
                                                  BLAINE C. STEVENS (STE091)
                                                  *Attorney for Plaintiff*

**OF COUNSEL:**

STRICKLAND & KENDALL, L.L.C.
Post Office Box 99
Montgomery, AL 36101-0099
334/269-3230
334/269-3239 [fax]

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following counsel of record by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the _9_ of September 2005:

A. Joe Peddy
Steven M. Brom
SMITH, SPIRES & PEDDY, P.C.
2015 Second Avenue North Suite 200
Birmingham, AL 35203

Royce Baker
4239 Delmar Drive
Montgomery, AL 36109

                                                  /s/
                                                  **OF COUNSEL**

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| DENISE OWENS, as Administrator of the Estate Steve Owens, deceased, | * <br> * <br> * |
| *Plaintiff*, | * <br> * |
| v. | * |
| M & R CONSTRUCTION, L.L.C.; ROYCE BAKER; LIBERTY DESIGN & CONSTRUCTION COMPANY, INC.; FICTITIOUS DEFENDANT "A," whether singular or plural, that person or other entity, that was the employer and/or principal and/or master; | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |
| *Defendants*. | * <br> * |

CASE NO.: CV-03-2004-PR

## PLAINTIFF'S FOURTH AMENDED COMPLAINT

COMES NOW the Plaintiff and amends her complaint in this case in the following particular matters. Plaintiff amends her complaint to read as follows:

## STATEMENT OF THE PARTIES

1. Plaintiff amends the Statement of the Parties by adding the following party/defendant in substitution of fictitious defendants as allowed by Alabama Fictitious Party Pleading. David Mercer, Inc. is substituted for Fictitious Defendant "B". David Mercer, Inc. is the general contractor responsible for the job site where Steve Owens was killed as alleged in the original complaint. David Mercer, Inc. is believed to be a domestic corporation with its principal place of business located in Elmore, Alabama.

## STATEMENT OF THE FACTS

Plaintiff amends the Statement of the Facts to include the following matters:

2. The subdivision project where Steve Owens was killed was owned by Fraley Construction and/or VJF Enterprises.

3. The Fraley entities contracted with David Mercer, Inc. to serve as the General Contractor on the subdivision project.

4. As part of the subdivision project, David Mercer, Inc. was provided engineering drawings and plans by the Fraley entities.

5. The plans and drawings provided to David Mercer, Inc. specifically provided that the "Contractor" was to be responsible for all aspects of workplace safety including compliance with any and all OSHA regulations regulating workplace safety issues.

## COUNT IV

6. Plaintiff realleges all prior paragraphs of the complaint and all amended complaints as if fully set out herein.

7. It is undisputed that at the time of Steve Owens' death he was involved in working in a trench which would have necessitated the use of a "trench box" or other cave-in preventative practice in accordance with existing OSHA regulations. It is further undisputed that at the time of the cave-in that killed Steve Owens, no trench box or other cave-in preventative practice was in use.

8. Further, it is alleged that M&R Construction was the entity contracted by David Mercer Construction to perform the trenching operation which claimed the life of Steve Owens.

9. It is alleged that prior to the commencement of trenching operations on the day of Steve Owens' death, M&R Construction requested that David Mercer, Inc. bring M&R's own trench box to the work site. However, no such device was ever delivered to the work site by David Mercer, Inc. and as a result, Steve Owens was killed by an unprotected cave-in.

10. The death of Steve Owens was the direct and proximate result of the negligent, willful, or wanton failure of David Mercer, Inc. to ensure that OSHA regulations were followed on the work site where Steve Owens was killed. Further, Steve Owens died as a result of the negligent, willful, reckless or wanton failure of David Mercer, Inc. to deliver a trench box to the work site as allegedly requested by Defendant M&R Construction.

WHEREFORE, Plaintiff demands such amount as a jury may award as punitive damages, plus her costs in this action.

## COUNT V

11. Plaintiff realleges all prior counts of the Complaint and all amended complaints as if set out here in full.

12. The negligent acts and omissions of all Defendants as alleged hereinabove as well as in the original and first, second and third amended complaints combined and concurred to cause the death of Steve Owens.

WHEREFORE, Plaintiff demands such amount as a jury may award as punitive damages, plus her costs in this action.

RESPECTFULLY submitted this the 8 day of November 2005.

_____
BLAINE C. STEVENS (STE091)
*Attorney for Plaintiff*

OF COUNSEL:

STRICKLAND & KENDALL, L.L.C.
Post Office Box 99
Montgomery, AL 36101-0099
334/269-3230
334/269-3239 [fax]

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following counsel of record by placing a copy of same in the U.S. mail, properly addressed and first class postage prepaid, on this the 8 of November 2005:

A. Joe Peddy
Steven M. Brom
SMITH, SPIRES & PEDDY, P.C.
2015 Second Avenue North Suite 200
Birmingham, AL 35203

Royce Baker
4239 Delmar Drive
Montgomery, AL 36109

_____
OF COUNSEL