UNITED STATES DISTRICT COURT
MIDDLE DISTICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SUPER 8 MOTELS, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 03-06-CV-206-DRB |
| vs. ) | |
| ) | |
| JALA INVESTMENTS, INC., HIMAT, INC., ) | |
| CHANDRAKANT PATEL, and ) | |
| DHIRAJLAL PATEL ) | |
| ) | |
| Defendants. ) | |
| ) | |

## ANSWER OF DHIRAJLAL PATEL

COMES NOW Dhirajlal Patel ("D. Patel") and asserts its affirmative defenses and responds to the plaintiff's complaint as follows:

### FIRST DEFENSE

The complaint fails to set forth a cause of action upon which relief may be granted.

### SECOND DEFENSE

The plaintiff is barred from any recovery by novation.

### THIRD DEFENSE

The plaintiff is barred from any recovery by waiver and estoppel.

### FOURTH DEFENSE

The plaintiff is barred from any recovery by illegality because it is seeking to recover an unenforceable penalty.

1

## FIFTH DEFENSE

Having raised his affirmative defenses, and without waiving said defenses, D. Patel responds to each and every paragraph of the plaintiff's complaint as follows:

1.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 1 of the complaint.

2.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 2 of the complaint.

3.

D. Patel admits paragraph 3 of the complaint.

4.

D. Patel admits paragraph 4 of the complaint.

5.

D. Patel admits paragraph 5 of the complaint.

6.

D. Patel admits paragraph 6 of the complaint, but denies that the plaintiff is entitled to recover any amounts.

7.

D. Patel admits paragraph 7 of the complaint.

8.

D. Patel denies paragraph 8 of the complaint as pled, but admits that "Super 8" is the name of a hotel franchise in the United States.

9.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 9 of the complaint.

10.

Paragraph 10 requires no response from D. Patel because it makes legal, not factual allegations. To the extent a response is required, paragraph 10 is denied.

11.

D. Patel denies paragraph 11 of the complaint, because it makes legal, not factual allegations. D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of any factual allegations contained therein.

12.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 12 of the complaint.

13.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 13 of the complaint.

14.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 14 of the complaint.

15.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 15 of the complaint.

16.

D. Patel denies paragraph 16 of the complaint as pled and asserts that Himat, Inc. executed a Franchise Agreement on or about July 12, 2000, and that it operated a hotel at 2314 South Broad Avenue, Lynette Alabama. D. Patel asserts that the Franchise Agreement is the highest and best evidence of its content and shall speak for itself and that a true and correct copy thereof is attached as <u>Exhibit "A"</u> to the Complaint.

17.

D. Patel denies paragraph 17 of the complaint as pled but admits that D. Patel and C. Patel executed the Guaranty, a true and correct copy of which is attached as part of <u>Exhibit "A"</u> to the complaint. D. Patel asserts that the Guaranty is the highest and best evidence of its content and shall speak for itself.

18.

D. Patel denies paragraph 18 of the complaint as pled and affirmatively asserts that the Franchise Agreement is the highest and best evidence of its content.

19.

D. Patel denies paragraph 19 of the complaint as pled and affirmatively asserts that the Franchise Agreement is the highest and best evidence of its content.

20.

D. Patel denies paragraph 20 of the complaint as pled and affirmatively asserts that the Franchise Agreement is the highest and best evidence of its content.

21.

D. Patel denies paragraph 21 of the complaint as pled and affirmatively asserts that the Franchise Agreement is the highest and best evidence of its content.

22.

D. Patel denies paragraph 22 of the complaint as pled and affirmatively asserts that the Franchise Agreement is the highest and best evidence of its content.

23.

D. Patel denies paragraph 23 of the complaint as pled and affirmatively asserts that the Franchise Agreement is the highest and best evidence of its content.

24.

D. Patel denies paragraph 24 of the complaint as pled and affirmatively asserts that the Franchise Agreement is the highest and best evidence of its content.

25.

D. Patel denies paragraph 25 of the complaint as pled and affirmatively asserts that the Hotel was subject to a foreclosure proceeding and sale on or about February 25, 2004.

26.

D. Patel denies paragraph 26 of the complaint.

27.

D. Patel admits that if the Franchise Agreement was terminated, Himat, Inc. would have no further right to use the Super "8" trademark.

28.

D. Patel denies paragraph 28 of the complaint as pled but does admit that if the Franchise Agreement was terminated, Himat, Inc.'s use of the trademarks terminated on or about February 7, 2006.

29.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 29 of the complaint.

30.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 30 of the complaint.

31.

D. Patel restates and incorporates by reference herein his responses to paragraphs 1 through 30 of the complaint with the same force and effect as if they had been restated herein.

32.

Paragraph 32 of the complaint does not contain factual allegations, but legal statements, and as such no response is required from D. Patel. To the extent a response is required, D. Patel denies paragraph 32 of the complaint.

33.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 33 of the complaint.

34.

Paragraph 34 of the complaint does not contain factual allegations, but legal statements, and as such no response is required from D. Patel. To the extent a response is required, D. Patel denies paragraph 34 of the complaint.

35.

Paragraph 35 of the complaint does not contain factual allegations, but legal conclusions, and as such no response is required from D. Patel. To the extent a response is required, D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 35 of the complaint.

36.

Paragraph 36 of the complaint does not contain factual allegations, but legal statements, and as such no response is required from D. Patel. To the extent a response is required, D. Patel denies paragraph 36 of the complaint.

37.

Paragraph 37 of the complaint does not contain factual allegations, but legal conclusions, and as such no response is required from D. Patel. To the extent a response is required, D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 37 of the complaint.

38.

Paragraph 38 of the complaint does not contain factual allegations, but legal conclusions, and as such no response is required from D. Patel. To the extent a response is required, D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 38 of the complaint.

39.

Paragraph 39 of the complaint does not contain factual allegations, but legal conclusions, and as such no response is required from D. Patel. To the extent a response is required, D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 39 of the complaint.

40.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 40 of the complaint.

41.

D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 41 of the complaint.

42.

In response to paragraph 42 of the complaint, D. Patel restates and incorporates by reference his responses to paragraphs 1 through 42 of the complaint with the same force and effect as if they had been restated herein.

43.

Paragraph 43 of the complaint does not contain factual allegations, but legal conclusions, and as such no response is required from D. Patel.  To the extent a response is required, D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy as to the allegations contained in paragraph 43 of the complaint.

44.

Paragraph 44 of the complaint does not contain factual allegations, but legal conclusions, and as such no response is required from D. Patel.  To the extent a response is required, D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 44 of the complaint.

45.

Paragraph 45 of the complaint does not contain factual allegations, but legal conclusions, and as such no response is required from D. Patel. To the extent a response is required, D. Patel is without sufficient knowledge or information upon which to form a belief as to the truth or accuracy of the allegations contained in paragraph 45 of the complaint.

46.

In response to paragraph 46 of the complaint, D. Patel restates and incorporates paragraphs and reasserts his responses to paragraphs 1 through 45 of the complaint with the same force and effect as if they had been restated herein.

47.

Paragraph 47 of the complaint does not contain factual allegations, but legal statements, and as such no response is required from D. Patel. To the extent a response is required, D. Patel denies paragraph 47 of the complaint.

48.

Paragraph 48 of the complaint does not contain factual allegations, but legal statements, and as such no response is required from D. Patel. To the extent a response is required, D. Patel denies paragraph 48 of the complaint.

49.

In response to paragraph 49 of the complaint, D. Patel restates and incorporates its answers in response to paragraphs 1 through 48 of the complaint with the same force and effect as it had been restated herein.

50.

D. Patel denies paragraph 50 of the complaint.

51.

D. Patel denies paragraph 51 of the complaint.

52.

D. Patel denies paragraph 52 of the complaint.

53.

In response to paragraph 53 of the complaint, D. Patel restates and incorporates by reference herein his responses to paragraphs 1 through 52 of the complaint with the same force and effect as if they had been restated herein.

54.

D. Patel denies paragraph 54 of the complaint as pled and affirmatively asserts that Section 7 and Schedule C of the Franchise Agreement are the highest and best evidence of their content shall speak for themselves.

55.

D. Patel denies paragraph 55 of the complaint.

56.

D. Patel denies paragraph 56 of the complaint.

57.

In response to paragraph 57 of the complaint, D. Patel restates and incorporates by reference herein his responses to paragraphs 1 through 56 of the complaint with same force and effect as if they had been restated herein.

58.

D. Patel denies paragraph 58 of the complaint and asserts that his Guaranty is the highest and best evidence and its content and shall speak for itself.

59.

D. Patel denies paragraph 59 of the complaint.

60.

D. Patel denies paragraph 60 of the complaint.

61.

D. Patel denies paragraph 61 of the complaint.

62.

Any allegation not heretofore expressly admitted is denied.

WHEREFORE, Dhirajlal Patel demands judgment that the plaintiff's complaint against him be dismissed with all costs to be cast against the plaintiff.

This the 5th day of May, 2006.

\s\ John A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518

SCHREEDER, WHEELER & FLINT, LLP
1600 Candler Building
127 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 681-3450

\s\ Shannon L. Holliday
Shannon L. Holliday (HOL088)
Attorneys for Dhirajlal Patel

Copeland Franco Screws & Gill, P.A.
444 South Perry Street
Montgomery, AL 36104
(334) 834-1180

12

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served a copy of the foregoing ANSWER upon opposing counsel by United States first class mail and by placing a copy of same in a properly addressed envelope with adequate prepaid postage affixed addressed to:

> Kelly Fitzgerald Pate, Esq.
> Robin Garrett Laurie, Esq.
> Balch & Bingham, LLP
> P.O. Box 78
> Montgomery, AL  36101
>
> Perry G. Jackson, Esq.
> 2229 Morris Avenue
> Birmingham, AL  35203

This the 5th day of May, 2006.

> \s\ John A. Christy
> JOHN A. CHRISTY

SCHREEDER, WHEELER & FLINT, LLP
1600 Candler Building
127 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 681-3450
K:\4995\2\Pledings\Answer-D Patel.doc