**EXHIBIT 1**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SUPER 8 MOTELS, INC. | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:06-cv-00206-MHT |
| JALA INVESTMENTS, INC., et al. | ) |
| Defendant. | ) |

### AFFIDAVIT OF VALERIE CAPERS WORKMAN

STATE OF NEW JERSEY )

COUNTY OF MORRIS   )

VALERIE CAPERS WORKMAN, being duly sworn, according to law, upon her oath, deposes and says:

1. I am the Vice President of Franchise Administration for plaintiff Super 8 Motels Inc. ("SMI").

2. I make this affidavit, based upon my personal knowledge and review of the relevant documents, in support of SMI's motion for summary judgment against defendants Himat, Inc. ("Himat"), Chandrakant Patel ("C. Patel") and Dhirajlal Patel ("D. Patel"), and JALA Investments, Inc. pursuant to Fed. R. Civ. P. 56.

**Background**

3. SMI is a South Dakota corporation with its principal place of business in Parsippany, New Jersey.

4. SMI does not own or operate any hotels. Instead, SMI operates a guest lodging facility franchise system. The system, broadly stated, is comprised of various trade names and

service marks (which are on the principal register of the United States Patent and Trademark Office), logos and derivations thereof (the "SMI Marks"), together with certain standards and centralized support functions, including a nationwide computer reservation system.

5. The hotels operating as part of the franchise system are all independently owned and operated. SMI allows its franchisees, pursuant to individual franchise or license agreements, to operate their hotels as Super 8® guest lodging facilities utilizing the SMI Marks.

**The Agreements Between The Parties**

6. On or about July 12, 2000, SMI entered into a license agreement with Himat (the "Franchise Agreement") for the operation of a guest lodging facility located at 2314 South Broad Avenue, Lanett, Alabama 36863 (the "Facility"). A true copy of the Franchise Agreement is attached hereto as Exhibit A.

7. Pursuant to Section 5 of the Franchise Agreement, Himat was obligated to operate a 25 room SMI guest lodging facility for a 20-year term, during which time it was permitted to use the SMI Marks in association with the operation and use of the Facility as part of SMI's franchise system.

8. Pursuant to Sections 7 and Schedule C of the Franchise Agreement, Himat was required to make certain periodic payments to SMI for royalties, marketing fees, service assessments, taxes, interest, reservation system user fees, annual conference fees, and other fees (collectively, "Recurring Fees").

9. Pursuant to Section 12 of the Franchise Agreement, Himat agreed that, in the event of a termination of the Franchise Agreement pursuant to Section 11.2, it would pay liquidated damages to SMI in accordance with a formula specified in the Franchise Agreement. Pursuant to Section 11.2, the Franchise Agreement would be terminated by any violation of Section 9 regarding transfer.

10. Pursuant to Section 7 of the Franchise Agreement, Himat agreed that interest would accrue on all payments that became past due under the License Agreement at the rate of 1.5% per month.

11. Pursuant to section 17.4 of the License Agreement, Himat agreed that the non-prevailing party would "pay all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."

12. Effective as of the date of the Franchise Agreement, C. Patel and D. Patel entered into a Guaranty (the "Guaranty"), pursuant to which they guaranteed "that [Himat's] obligations under the [Franchise] Agreement, including any amendments, will be punctually paid and performed." A true copy of the Guaranty is attached hereto as Exhibit A, p.30.

13. Pursuant to the terms of the Guaranty, C. Patel and D. Patel agreed, among other things, that upon a default under the Franchise Agreement, they would "immediately make each payment and perform or cause Licensee [Himat] to perform, each unpaid or unperformed obligation of Licensee [Himat] under the Agreement."

14. Also pursuant to the terms of the Guaranty, C. Patel and D. Patel agreed to pay the costs, including reasonable attorneys' fees, incurred by SMI in enforcing its rights or remedies under the Guaranty or the Franchise Agreement.

**Himat's Breach and Termination of the Franchise Agreement**

15. On or about February 25, 2004, through a foreclosure proceeding, Himat transferred ownership of the Facility, without SMI's prior consent and then through a series of transactions following the foreclosure, ownership was ultimately transferred by Special Warranty Deed to JALA on May 4, 2004. The Special Warranty Deed is attached hereto as Exhibit B.

16. This unauthorized transfer of ownership was in violation of Section 9 of the Franchise Agreement, which provided that Himat could not transfer the Facility, nor engage in any delegation, assignment, conveyance, or pledge of interest without SMI's prior written consent. The unauthorized transfer terminated the Franchise Agreement.

17. By handwritten note dated February 23, 2004, Himat gave notice of the foreclosure thereby terminating the Franchise Agreement upon such foreclosure on or about February 25, 2004. A true and correct copy of the note is attached hereto as Exhibit C.

18. By letters dated September 22, 2004 and December 16, 2004, SMI gave notice to JALA that it did not have a Franchise Agreement with SMI and, therefore, JALA's use of the SMI Marks in and around the Facility to induce the traveling public to rent guest rooms at the Facility infringed upon SMI's rights to its Marks. True copies of these letters are attached hereto as Exhibit D.

19. Himat has failed to pay any of the outstanding Recurring Fees it owes to SMI under the Franchise Agreement, Section 7, Schedule C, in the current amount of $5,775.50 which it fell delinquent on prior to the termination of the Franchise Agreement and has also failed to pay the $50,000 liquidated damages owed pursuant to Section 12. The liquidated damages were calculated pursuant to Section 12 by multiplying $2000 by 25 rooms. Attached as Exhibit E is a true and correct copy of the itemized statement indicating the outstanding amount of Recurring Fees owed and as Exhibit F is true and accurate copy of the letter to Himat giving notice of termination of the Franchise Agreement and the outstanding Recurring Fees owed as well as the liquidated damages owed.

20. Despite their obligation under the Guaranty, C. Patel and D. Patel have failed to pay any of the liquidated damages or outstanding Recurring Fees owed to SMI.

**Damages**

21.  SMI is seeking from Himat, C. Patel and D. Patel $5,775.50 in Recurring Fees, inclusive of interest, as reflected on the itemized statement attached hereto as Exhibit E. SMI is entitled to interest on this amount calculated at the legal rate of interest of 1.5% per month, pursuant to section 7.3 of the Franchise Agreement, from November 6, 2006 (the date of SMI's motion for summary judgment) through the date of this Court's ruling on SMI's motion for summary judgment.

22.  Pursuant to sections 12.1 of the License Agreement, SMI is seeking from Himat, C. Patel and D. Patel $50,000 in liquidated damages that became due as a result of the premature termination of the Franchise Agreement. SMI is entitled to interest on this amount calculated at the legal rate of interest of 1.5% per month, pursuant to section 7.3 of the Franchise Agreement, from March 26, 2004 (the liquidated damages were due 30 days following the date of termination) through the date of this Court's ruling on SMI's motion for summary judgment.

23.  SMI is also entitled to damages from JALA under the Lanham Act, due to JALA's unauthorized use of the SMI Marks despite receipt of cease and desist letters from SMI through at least December 12, 2005, the last date showing proof of infringement. *See* Post Termination Obligations Checklists attached hereto as Exhibit F.

_____
Valerie Capers Workman

Sworn and subscribed to before
me this ____ day of November, 2006

_____
NOTARY PUBLIC

MELISSE LORENZO
A Notary Public of New Jersey
My Commission Expires March 10, 2010

173379.1

5