# EXHIBIT H

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SUPER 8 MOTELS, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:06-cv-00206-MHT |
| | ) |
| JALA INVESTMENTS, INC., et al. | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S FIRST CONSOLIDATED DISCOVERY REQUESTS TO DEFENDANT JALA INVESTMENTS, INC.**

Pursuant to Fed. R. Civ. P. 33, 34 and 36 Super 8 Motels, Inc. ("SMI") propounds the following interrogatories, requests for production and requests for admission to Defendant JALA Investments, Inc. ("JALA") to be answered within the time proscribed by law:

**INSTRUCTIONS**

A.  Pursuant to Fed. R. Civ. P. 33, 34 and 36, you are to furnish all information available to you, and to your agents and employees, in answering the following Interrogatories, Requests for Production and Requests for Admission. You are to designate any responsive information not within your personal knowledge, and as to that information, you are to state the name and address of every person from whom it was received, or, if the source of the information is contained within a document, a full description of the document including its location.

B.  If any information responsive to any request is withheld because you claim such information is privileged or is contained in a privileged document and/or communication:

(1)  Identify each such document and/or communication;

162708.1

(2) Set forth the privilege and the factual basis upon which the privilege is claimed; and

(3) State the paragraph of the Interrogatory to which each document and/or communication is responsive.

C. When used in the course of an enumeration of items as to which documents or information are requested, the words "and" and "or" are to be construed as requesting documents or information as to each item in the enumeration, the same as if the entire request had been addressed solely to that item.

D. When a request or any of its sub-parts requests you to "set forth the factual basis" of one of your allegations, answers or contentions, that request calls for you to set forth each fact and identify each document and oral communication which you contend tends to support your allegation, answer or contention and identify each person who possesses facts supporting your allegation, answer or contention.

E. Whenever a request herein requires you to describe an act or action, omission, meeting, conference, discussion, occurrence, happening, instance or event, please provide a full description thereof, including a statement setting forth (i) the date and place thereof; (ii) the identity of each oral communication involved and each document which refers to or which was prepared or made during the course thereof or as a consequence thereof; and (iii) the identity of all persons who were witnesses or participants.

F. Whenever a request calls for information with respect to "each" one of a particular type or class of matters, events, persons, or entities, of which there is more than one, please separately list, set forth, or identify for each thereof all of the information called for.

162708.1

2

G.  All documents are to be produced which are in your possession, custody or control or can be obtained upon reasonable investigation of areas within your control. All documents in the possession, custody or control of any of your attorneys, except privileged matters, must be produced.

H.  These requests are intended to be continuing and you are instructed to make prompt, further and supplemental production whenever an additional document is discovered that is responsive hereto.

I.  If any request is objected to, in whole or in part, set forth the legal basis for each objection, and set forth the facts upon which you rely as the basis for each objection.

## DEFINITIONS

A.  "Document" is used in its broadest sense and means any tangible form of verbal communication, whether written, produced by hand, printed, recorded by word, sound, or image, reproduced by any mechanical process, or produced by or stored in a computer, regardless of origin or location, and shall include drafts, marginal comments appearing on any such documents, and any other data compilations from which information can be obtained and translated if necessary.

B.  "Identify," "identity," or "identification" means, when used in reference to:

(1)  a natural person, his or her:

   (a)  full name;

   (b)  home address;

   (c)  business address; and

   (d)  present or last known position, business affiliation, and job title or description.

 (2) a company, corporation, association, partnership, or any legal entity other than a natural person;

  (a) its full name;

  (b) a description of the type of organization or entity;

  (c) the address of its principal place of business;

  (d) the jurisdiction of its incorporation or organization; and

  (e) the date of its incorporation or organization.

 (3) a document:

  (a) its description (for example, letter, memorandum, report, etc.);

  (b) its title;

  (c) its date;

  (d) the number of pages thereof;

  (e) its subject matter;

  (f) the identity of its author, signer, and any person who participated in its preparation;

  (g) the identity of its addressee or recipient;

  (h) the identity of each person to whom copies were sent and each person by whom copies were received;

  (i) its present location; and

  (j) the identity of its custodian. (If any such document was, but is no longer, in your possession or subject to your control, state what disposition was made of it and when).

 (4) an oral communication:

      (a)    the date and time when it occurred;

      (b)    the place where it occurred;

      (c)    the complete substance of the communication;

      (d)    the identity of each person:

           (1)    to whom such communication was made;

           (2)    by whom such communication was made; and

           (3)    who was present when such communication was made.

      (e)    if by telephone:

           (1)    the identity of each person:

                 (A)    who made each phone call;

                 (B)    who participated in each call;

           (2)    the place where each person participating in each call was located.

      (f)    the identity of all documents memorializing, referring or relating in any way to the subject matter of the communication.

D.    "Oral communication" refers to any verbal conversation or other statement from one person to another, including, but not limited to, any interview, conference, meeting or telephone conversation.

E.    "Person" or "persons" refers to a natural person, firm, proprietorship, association, partnership, corporation or any other type of organization or entity.

F.    "You" or "your" refers to defendant JALA and any of its employees, former employees, agents, former agents, partners, former partners, assignees.

G.    "SMI" refers to plaintiff Super 8 Motels, Inc.

H.  The "Franchise Agreement" refers to the Franchise Agreement for the operation of a SMI Facility located at 2314 South Broad Avenue, Lanett, Alabama 36863, Unit 1999, between Super 8 and defendant Himat, Inc.

I.  The "de-identification" or "de-identified" shall have the same definition as is given to that term in the Franchise Agreement.

J.  The "Licensed Business" or "Facility" shall mean and refer to the business located at 2314 South Broad Avenue, Lanett, Alabama 36863, Unit 1999 and known as a "Super 8 Motel" at the time the Franchise Agreement was executed and any other business(es) related thereto.

## INTERROGATORIES

**INTERROGATORY NO. 1:** As to each person who you believe has any knowledge of any facts regarding the allegations of the complaint in this matter, or the response thereto:

a.  State the person's name, employer, job title, telephone number, business and residence addresses;

b.  State each and every fact, communication, statement, action or the like regarding the allegations of the complaint and/or the responses thereto and/or the facts and circumstances giving rise to the complaint and/or the responses thereto known to such persons (regardless of whether such knowledge is first hand knowledge or otherwise).

**INTERROGATORY NO. 2:** Identify all persons whom you expect to call at trial as expert witnesses, and, as to each expert identified, set forth all information regarding each expert witness as required by Fed. R. Civ. P. 26(a)(2), and identify all reports, conclusions or comments, written or oral, ever prepared or rendered by the expert witness with respect to the

subject matter of this litigation. Provide a written summary of each oral report, conclusion or comment identified.

**INTERROGATORY NO. 3:** State whether you or anyone representing you at any time had any oral communications with any representative of SMI concerning the subject matter of this litigation, and, if so, identify each such oral communication and all documents referring or relating to each such communication.

**INTERROGATORY NO. 4:** State whether you or anyone representing you at any time had any oral communications with any other person or entity, not a party to this litigation, concerning the subject matter of this litigation, and, if so, identify each such oral communication and all documents referring or relating to each such oral communication.

**INTERROGATORY NO. 5:** State whether any films, photographs, videos, or digital images were taken by you or on your behalf of any person, scene, object, or other matter connected with this litigation, and, if so, identify each such film, photograph, video, or digital image, and all oral communications and documents referring or relating to each such film, photograph, video, or digital image.

**INTERROGATORY NO. 6:** Identify the date on which you contend you completed the de-identification of the Facility as required by the cease and desist letters attached to SMI's Complaint as Exhibit C and identify any and all documents which support your response.

**INTERROGATORY NO. 7:** Set forth the organizational structure of JALA, including the names of all corporate officers.

**INTERROGATORY NO. 8:** Identify all other guest lodging properties in which you own(ed) an interest, directly or indirectly.

**INTERROGATORY NO. 9:** Other than persons whose names are stated in answer to the preceding interrogatories, do you know any other person or persons who may have knowledge (whether first hand or otherwise) of the occurrence, incident or allegations made the basis of the complaint? If so:

    a. State the person's name, employer, job title, telephone number, business and residence addresses;

    b. State each and every fact regarding the incident, occurrence or allegations made the basis of the complaint known to such person (regardless of whether such knowledge is first hand knowledge or otherwise).

**INTERROGATORY NO. 10:** Identify each person who participated in the preparation of the answers to these Interrogatories.

### REQUESTS FOR PRODUCTION

Please produce the following pursuant to Fed. R. Civ. P. 34:

**REQUEST FOR PRODUCTION NO. 1:** All documents identified in your answers to SMI's Interrogatories above.

**REQUEST FOR PRODUCTION NO. 2:** All documents reflecting, referring, or relating to any and all communications, whether oral or written, between you and SMI or any person or entity acting or purporting to act on SMI's behalf.

**REQUEST FOR PRODUCTION NO. 3:** All documents or materials supplied to, reviewed by, or relied upon by each expert witness whom you expect to call at trial as an expert witness, including any curriculum vitae for any such expert.

**REQUEST FOR PRODUCTION NO. 4:** All documents that reflect, refer, or relate to your defenses to the Complaint in this matter.

**REQUEST FOR PRODUCTION NO. 5:** All documents that reflect, refer, or relate to any efforts made by you to de-identify the Facility.

**REQUEST FOR PRODUCTION NO. 6:** All documents that reflect your business operations related to operation of the Facility, including, but not limited to, documents reflecting profits and losses, closing statements, listing and sales agreements, for February 2004 through December 2005.

## REQUESTS FOR ADMISSION AND RELATED INTERROGATORIES

**REQUEST FOR ADMISSION NO. 1:** Admit that the Facility has been used and marketed as a guest lodging facility since May 4, 2004 and at least until December 12, 2005.

**INTERROGATORY NO. 11:** If you denied Request for Admission No. 1, please identify all facts supporting your denial.

**REQUEST FOR ADMISSION NO. 2:** Admit paying guests have stayed in the Facility since May 4, 2004 and at least until December 12, 2005.

**INTERROGATORY NO. 12:** If you denied Request for Admission No. 2, please identify all facts supporting your denial.

**REQUEST FOR ADMISSION NO. 3:** Admit JALA obtained ownership of the Facility through a Special Warranty Deed on or about December 12, 2005.

**INTERROGATORY NO. 13:** If you denied Request for Admission No. 3, please identify all facts supporting your denial.

**REQUEST FOR ADMISSION NO. 4:** Admit that SMI signage and other SMI Marks remained in use and public view after ownership of the Facility was transferred on or about May 4, 2004 to JALA at least until December 12, 2005.

**INTERROGATORY NO. 14:** If you denied Request for Admission No. 4, please identify all facts supporting your denial.

**REQUEST FOR ADMISSION NO. 5:** Admit that de-identification, required under the cease and desist letters attached as Exhibit C to the Complaint, includes removing all SMI signage, including removing all primary signage, exterior signage and billboards.

**INTERROGATORY NO. 15:** If you denied Request for Admission No. 5, please identify all facts supporting your denial.

/s/ Kelly J. Pate
One of the Attorneys for Plaintiff
Super 8 Motels, Inc.

OF COUNSEL:
Robin G. Laurie (LAU006)
Kelly F. Pate (FIT014)
Balch & Bingham LLP
P. O. Box 78
Montgomery, Alabama 36101
(334) 834-6500
(334) 269-3115 fax

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true copy of the foregoing Plaintiff's Initial Disclosures was served upon Defendants, with first-class postage fully paid, and by depositing said envelope in a United States Post Office depository on the 5th day of September, 2006.

John A. Christy, Esq.
Schreeder, Wheeler & Fling, LLP
1600 Candler Building
127 Peachtree Street, N.E.
Atlanta, Georgia 30303

Shannon L. Holliday, Esq.
Copeland Franco Screws & Gill, P.A.
444 South Perry Street
Montgomery, Alabama 36104

Perry G. Jackson, Esq.
Roberts & Fish, PC
2204 Lakeshore Drive, Suite 205
Birmingham, Alabama 35209

/s/ Kelly J. Pate
Of Counsel