UNITED STATES DISTRICT COURT
MIDDLE DISTICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| SUPER 8 MOTELS, INC., </br></br>Plaintiff, </br></br>vs. </br></br>JALA INVESTMENTS, INC., HIMAT, INC., CHANDRAKANT PATEL, and DHIRAJLAL PATEL, </br></br>Defendants. | No. 03-06-cv-206-DRB |

**DEFENDANTS HIMAT, INC., CHANDRAKANT PATEL AND DHIRAJLAL PATEL'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

COME NOW Himat, Inc., Chandrakant Patel and Dhirajlal Patel and hereby file this Brief in Support of their Motion to Dismiss for Lack of Subject Matter Jurisdiction and show the Court as follows:

**I.    STATEMENT OF THE CASE**

Plaintiff's state law breach of contract claims against Defendants Himat, Inc., Chandrakant Patel and Dhirajlal Patel (together "Himat"[1]) are improperly before this Court, and should be dismissed by this Court for lack of subject matter jurisdiction. The sole reason for the presence of this case before this Court is that, of the six claims pending in this case, Plaintiff has filed one claim against Himat's co-defendant JALA Investments, Inc. ("JALA") for violation of the Lanham Act, which admittedly presents a

---

[1] Chandrakant Patel and Dhirajlal Patel signed an alleged personal guaranty for the liabilities of Himat, Inc. There are no independent claims against the Patels.

federal question. In its Complaint, Plaintiff contends that this Court has supplemental jurisdiction over the state law breach of contract claims against Himat pursuant to 28 U.S.C.A. § 1367.

However, the breach of contract claims against Himat are not a part of the same case or controversy brought against Defendant JALA on which federal subject matter is premised. Importantly, the Complaint properly does not allege any relationship between Himat and JALA. Himat did not transfer the property to JALA. JALA did not purchase the property until more than two months after Himat was forced to vacate the property because of a foreclosure. There is thus absolutely no overlap or even concurrency in the time period each defendant owned, occupied or controlled the Property.

Moreover, any alleged injuries sustained by Plaintiff as a result of Himat's actions and JALA's actions are confined to the contract between Plaintiff and Himat. Plaintiff seeks breach of contract damages from Himat which will require evidence regarding the royalty payments prior to the foreclosure, the foreclosure, and the liquidated damages. On the other hand, Plaintiff seeks Lanham Act damages and restitution from Defendant JALA, which will require evidence regarding the use of licensed materials by JALA long after Himat vacated the Property and the alleged unjust enrichment JALA received as a result.

Plaintiff's Complaint misleadingly miscalculates the damages it seeks from Himat, yet Plaintiff has failed to properly correct this fundamental mathematical error in its Complaint. While Plaintiff alleges in its Complaint that it is entitled to $80,000 in liquidated damages, it corrects this miscalculation in its Motion for Summary Judgment,

filed on November 6, 2006, and properly seeks only $50,000 from the Court for such damages. Even added to the allegedly unpaid royalty fees from Himat, Plaintiff does not seek, and truly never has sought, enough in damages for this Court to have diversity jurisdiction of the claims against Himat. Although initially suggested by Plaintiff in its Complaint, diversity jurisdiction is not even an option in this case. Supplemental jurisdiction is this Court's only option.

Different facts. Different legal support. Different injuries. Different time periods. Different witnesses. Different evidence. Such differences do not amount to the same "case or controversy" as required by 28 U.S.C.A. § 1367. This Court therefore does not have subject matter jurisdiction over the claims against Himat and all claims against these defendants should accordingly be dismissed.

## II.   STATEMENT OF FACTS

Plaintiff's Complaint alleges that on July 12, 2000 Defendant Himat, Inc., a Georgia Corporation at the time, entered into an agreement with Plaintiff for ownership of a franchise of Super 8 Motels ("Franchise Agreement"). (Verified Compl. ("Compl.") ¶¶ 3, 16.) The Franchise Agreement granted Defendant Himat the right to operate a Super 8 Motel at 2314 South Broad Avenue, Lanett, Alabama 36863 ("Property"). (Compl. ¶ 16.) Himat had a mortgage on the Property, and on February 25, 2004, after being unable to pay the mortgage, the Property was foreclosed. (Compl. ¶ 25.) Himat lost ownership of the Property on February 25, 2004 and was removed from the Property. (Compl. ¶ 25)

Plaintiff alleges that by having the Property foreclosed, Himat breached the Franchise Agreement. (Compl. ¶ 16.) Plaintiff is thus is seeking damages from Himat for state law breach of contract claims. (Compl. ¶¶ 26, 56.) Plaintiff contends that on February 25, 2004, when Defendant Himat was foreclosed and no longer owned the Property, the Franchise Agreement was terminated, thus entitling Plaintiff to liquidated damages. (Compl. ¶¶ 26, 50.) Plaintiff further contends that Himat further breached the Franchise Agreement by failing to pay some of the "Recurring Fees," which Plaintiff has defined as including the royalty fee, system assessment fee, taxes, interest, and re-license fee, prior to the foreclosure, and thus is indebted to Plaintiff for the amount of those past-due payments. (Compl. ¶¶ 55-56.) Plaintiff seeks an amount certain from Himat, $50,000 in liquidated damages and $5239.66 for the unpaid Recurring Fees. (Compl. ¶ 55.) While the prayer for relief after Count Four of Plaintiff's Complaint seeks $80,000, this calculation of liquidated damages is incorrect, as acknowledged in Plaintiff's Motion for Summary Judgment filed on November 6, 2006. (Pl.'s Mem. of Fact and Law in Support of Super 8 Motels, Inc.'s Mot. for Sum. Jud. p. 5). As the Property is a 25 room hotel, calculating damages as outlined by Plaintiff in its Complaint at $2000 per room, the total amount of alleged liquidated damages is, and always has been, $50,000, not $80,000. Plaintiff has yet to amend its Complaint to correct the miscalculation. At $80,000 there would have been diversity jurisdiction, thus there was no reason for Himat to challenge the jurisdiction of this Court. As of November 6, 2006, however, with Plaintiff's clarification of damages sought in its Motion for Summary judgment, diversity jurisdiction is not a viable option for this Court's jurisdiction. Plaintiff's case against

Himat is a fairly simple breach of contract case, and attempted enforcement of a purported personal guaranty. All of the allegations are confined to the Franchise Agreement. Nothing that happened before execution of the Franchise Agreement or after is relevant to the claims against Himat.

It was not until May 4, 2004, more than two months after Himat was foreclosed, that Defendant JALA., an Alabama Corporation, purchased the Property at auction, or through special warranty deed. (Compl. ¶¶ 2, 25.) Plaintiff contends that after purchasing the Property, JALA used Super 8's marks despite not having a written agreement with Plaintiff, like the Franchise Agreement, to do so. (Compl. ¶ 29.) Plaintiff further alleges that by using these marks, JALA was able to generate business that it otherwise would have been unable to generate and was consequently unjustly enriched. (Compl. ¶ 48.) Damages stemming from the three claims against JALA are unspecified, yet include statutory Lanham Act damages, JALA's profits (Plaintiff's lost profits), and any Recurring Fees to which Plaintiff would have been entitled had there been an executed franchise agreement between Plaintiff and JALA. Calculating these damages will include extensive discovery including, but not limited to "an accounting of the receipts and disbursements, profits and loss statements, and other financial materials, statements and books from JALA." (Compl. ¶ 45.)

Out of six counts, Plaintiff has only *one* federal claim, and that claim is *only* against Defendant JALA. Plaintiff alleges in its Complaint simply that "[t]his Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 & 1338, 15 U.S.C. § 1121 and, with respect to certain claims, 28 U.S.C. § 1367." (Compl. ¶ 6.) The

only possible basis for jurisdiction against Himat from this list is supplemental jurisdiction. However, anything occurring subsequent to February 25, 2004, when Himat ceased owning the Property and left the Property never to return, is completely irrelevant to the issues in the claims brought against Himat. Grouping the state law claims against Himat with the one federal claim against JALA is simply not enough to confer subject matter jurisdiction upon this Court for the claims against Himat. Thus, all claims against Himat should be dismissed for lack of subject matter jurisdiction.

### III.   ARGUMENT AND CITATION OF AUTHORITY

Federal court is of limited jurisdiction; jurisdiction which is specifically bestowed by the United States Constitution or acts of Congress. The party invoking federal court jurisdiction bears the burden of establishing its existence. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A court must first determine whether it has proper subject matter jurisdiction before addressing the substantive issues." Id. at 1366. "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't., 523 U.S. 83, 94 (1998) (quoting Ex Parte McCardle, 74 U.S. 506, 514 (1868)). The issue of whether supplemental jurisdiction has been properly assumed remains open throughout the litigation. See Gibbs, 383 U.S. at 727. This Court does not have subject matter jurisdiction over the claims against Himat, and thus the claims against Himat should be dismissed.

**A.    This Court does not have supplemental jurisdiction over the pending state law claims against Himat.**

This Court does not have the power to hear the state law breach of contract claims against Himat and thus does not have subject matter jurisdiction to hear the claims against Himat. Plaintiff pled, inter alia, that this Court has subject matter jurisdiction of the claims against Himat pursuant to supplemental jurisdiction. The power of a court to exercise supplemental jurisdiction is delineated by 28 U.S.C.A. § 1367(a), which provides in relevant part as follows:

> the district courts shall have supplemental jurisdiction over all other claims that are *so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.* Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties. (*emphasis added*)

In order to satisfy the constitutional minimum, the claims must arise from a "common nucleus of operative fact with a substantial federal claim." Lucero v. Trosch, 121 F.3d 591, 597 (11th Cir. 1997) "A claim satisfies the 'same case or controversy' requirement when it involves 'the same set of facts, occurrences, witnesses and evidence' as the claim over which the court has original jurisdiction." Monroe v. Brown, 256 F. Supp. 2d 1292 (M.D. Ala. 2003) *citing* Palmer Hosp. Auth. Of Randolph County, 22 F.3d 1559, 1566 (11th Cir. 1994). In other words, the constitutional standard is met when "a plaintiff's claims are such that he would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of America v. Gibbs, 383 U.S. 715, 725 (1966).

One indication that a court *lacks* supplemental jurisdiction is when the cases against either the same or different defendants are separately maintainable and terminable without any reference to the facts alleged or the contentions stated in or with regard to the other. See Hales v. Winn-Dixie Stores, Inc., 500 F.2d 836, 847 (4th Cir. 1974).

The only commonality between the breach of contract claims against Himat and the Lanham Act claims against JALA are the address of the Property, which does not satisfy the constitutional requirements for supplemental jurisdiction. According to Plaintiff's Complaint, Himat ceased owning the Property on February 25, 2004 due to foreclosure. Accompanying a loss of ownership is a loss of control and physical presence on the Property. JALA did not purchase the Property until May 4, 2004. As properly suggested in the Complaint, Himat did not transfer the Property to JALA. Himat's ownership of the Property and JALA's ownership of the Property, therefore, not only do not overlap, but are not even continuous.

As a direct result of the lack of continuity of ownership, none of the facts and occurrences of the case against Himat are the same as those in the case against JALA. As the Complaint outlines, there are two allegations of breach of contract against Himat: (1) Himat allegedly breached the Franchise Agreement it entered into with Plaintiff by allegedly failing to pay Recurring Fees while the Franchise Agreement was active, and (2) by being foreclosed out of ownership of the Property, Himat violated the Franchise Agreement and owed Plaintiff liquidated damages. Necessary evidence, therefore, is Plaintiff's accounting of the Property from July 2000 to February 25, 2004, the foreclosure documents and the Franchise Agreement. This evidence is completely

irrelevant to the Lanham Act, unjust enrichment and restitution claims against JALA, and any evidence in support of the claims against JALA will be wholly irrelevant to the breach of contract claims against Himat.

Moreover, none of the witnesses from Himat will provide relevant testimony in the claims against JALA, and none of the witnesses from JALA will provide relevant testimony in the claims against Himat. While it is certainly possible that some of Plaintiff's witnesses will overlap, this is not enough to meet the constitutional standard for subject matter jurisdiction.

Finally, and quite telling, is that Plaintiff's claims against Himat may be tried without a single reference to JALA, and Plaintiff's claims against JALA may be tried without a single reference to Himat. There is no overlap in time, substance, facts, occurrence, witnesses, evidence, or even legal standard. As the Lanham Act claims against JALA are the only basis for jurisdiction in this Court, there is absolutely no reason for the breach of contract claims against Himat to be in federal court. As such, this Court should dismiss the action against Himat for want of subject matter jurisdiction.

      **B.    Even if this Court finds it has the power to exercise supplemental jurisdiction, this Court should exercise its discretion and decline to hear the case against Himat.**

The one federal question against Defendant JALA in this case is insufficient to confer subject matter jurisdiction over all claims against Himat in this case. Supplemental jurisdiction is not a right, but is within the trial court's discretion. 28 U.S.C. § 1367(c); Eubanks v. Gerwen, 40 F.3d 1157, 1161 (1994). Thus, even if this

Court determines it does have the power to exercise supplemental jurisdiction over the claims against Himat, this Court should use its discretion and decline to exercise such jurisdiction. 28 U.S.C. § 1367(c) provides as follows:

> The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
> (1) the claim raises a novel or complex issue of State law,
> ***(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,***
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

If at least one of the above factors is implicated, a court may decline to exercise supplemental jurisdiction.

In this case, the five state-law claims predominate over the lone federal claim, particularly because there are no federal claims pending against Himat. "[I]f it appears that the state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought, the state claims may be dismissed without prejudice and left for resolution to state tribunals." Gibbs, 383 U.S. at 726-27. In Plaintiff's case against Himat, clearly the state law claims predominate the lone federal claim asserted against JALA *only*. At this time the proof appears to be confined to the life of the Franchise Agreement, nothing before and nothing after. The scope of the issues raised with regard to Himat again is confined to the life of the Franchise Agreement, and the only remedy sought from Himat is alleged contractual damages. While there may be legal issues surrounding these contractual damages, the evidence required to support the facts is quite limited. As for the claims against Himat,

the state law claims clearly predominate the lone federal claim, against a co-defendant, in this case.

After it has been established that one of the 1367(c) factors is implicated, courts will consider judicial economy, convenience, fairness to the parties, and whether all claims were expected to be tried together. Gibbs, 383 U.S. at 725-26; Palmer, 22 F.3d at 1559. "If these elements are not present, a federal court should hesitate to exercise jurisdiction over state claims." McCallister Towing & Transportation Co., Inc. v. Thorn's Diesel Service, Inc., 163 F. Supp. 2d 1329, 1337 (M.D. Ala. 2001). "Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring a surer-footed reading of applicable law." Gibbs., 383 U.S. at 726.

Analysis of the factors indicates that this Court should decline to exercise supplemental jurisdiction over the claims against Himat. Trying the case against Himat and JALA in the same court at the same time does not promote judicial economy. Because the evidence is so divergent in each case and at most will overlap with the testimony of one or two of Plaintiff's witnesses, this Court will essentially be trying two separate cases concurrently. This is exemplified by the outline of Plaintiff's Complaint, which has *no* overlapping facts and *no* overlapping counts against the entities.

Trying the case against Himat in Alabama is inconvenient to all parties involved. As Plaintiff states in its Complaint, Himat is a Georgia corporation, and both Patels reside in Georgia. Plaintiff is a South Dakota corporation with its principal place of business in New Jersey. The affidavit Plaintiff attached to its Complaint was signed by an employee

11

located in New Jersey.[2] Only the Property is located in Alabama. Because it is unlikely that there are any witnesses located in Alabama, and any evidence to be gathered in Alabama, dragging Himat into Alabama to try a case in federal court when there are no federal claims pending against them is patently unfair. Plaintiff will not be prejudiced by this dismissal, for there are no legal bars to Plaintiff bringing these claims in a proper forum. Finally, with such divergent claims against completely unrelated entities there is absolutely no expectation for the cases against Himat and against JALA to be tried together. As noted above, the cases against each defendant could easily be tried without mention of the other defendant.

Therefore, even if this Court finds that it has the power to exercise supplemental jurisdiction, Himat respectfully requests this Court exercise its discretion and dismiss the state court breach of contract claims against Himat so that they may be heard in the proper state court forum.

## IV.   CONCLUSION

WHEREFORE Himat, Inc., Chandrakant Patel and Dhirajlal Patel respectfully request this Court grant their Motion to Dismiss for Lack of Subject Matter Jurisdiction and dismiss all claims against them.

---

[2] While it appears Ms. Kathy Cox, signatory of the affidavit for the Verified Complaint has been replaced by Ms. Valerie Capers Workman, signatory of the affidavit for Plaintiff's Motion for Summary Judgment, both witnesses are located in New Jersey, as evidenced by the notary public's seal.

This the 27th day of November, 2006.

          \s\ John A. Christy
JOHN A. CHRISTY
Georgia Bar No. 125518

Schreeder, Wheeler & Flint, LLP
1600 Candler Building
127 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 681-3450

\s\ Shannon L. Holliday
Shannon L. Holliday (HOL088)

Attorneys for Himat, Inc., Chandrakant Patel and Dhirajlal Patel

Copeland Franco Screws & Gill, P.A.
444 South Perry Street
Montgomery, AL  36104
(334) 834-1180

K:\4995\2\Pleadings\Motion to Dismiss Brief.doc

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing DEFENDANTS HIMAT, INC., CHANDRAKANT PATEL AND DHIRAJLAL PATEL'S BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION upon opposing counsel by United States first class mail and by placing a copy of same in a properly addressed envelope with adequate prepaid postage affixed addressed to:

>Kelly Fitzgerald Pate, Esq.
>Robin Garrett Laurie, Esq.
>Balch & Bingham, LLP
>P.O. Box 78
>Montgomery, AL  36101
>
>Perry G. Jackson, Esq.
>2229 Morris Avenue
>Birmingham, AL  35203

This the 27th day of November, 2006.

>\s\ John A. Christy
>JOHN A. CHRISTY
>Georgia Bar No. 125518

Schreeder, Wheeler & Flint, LLP
1600 Candler Building
127 Peachtree Street, N.E.
Atlanta, Georgia 30303
(404) 681-3450